**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Antonio GONZALEZ, Jr.,
Defendant-Appellant.**

**No. 17-50016**

United States Court of Appeals,
Ninth Circuit.

Submitted February 13, 2018 *

Filed February 16, 2018

Benjamin Joseph Katz, Special Assistant U.S. Attorney, Emily J. Keifer, Assistant U.S. Attorney, Helen H. Hong, Assistant U.S. Attorney, Office of the US Attorney, San Diego, CA, for Plaintiff-Appellee

Robert H. Rexrode, III, Attorney, Law Offices of Robert H. Rexrode, San Diego, CA, for Defendant-Appellant

Before: LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

MEMORANDUM **

Antonio Gonzalez, Jr., appeals his bench-trial conviction for importation of heroin, in violation of 21 U.S.C. §§ 952, 960. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Gonzalez contends that the district court erred in concluding that he failed to prove the elements of a duress defense. We review mixed questions of law and fact de novo. *See United States v. Acosta-Sierra*, 690 F.3d 1111, 1117 (9th Cir. 2012).

The district court did not err in concluding that Gonzalez had failed to establish by a preponderance of the evidence that he acted under duress. *See United States v. Solorzano-Rivera*, 368 F.3d 1073, 1081 (9th Cir. 2004). The court was entitled to question Gonzalez's credibility. *See United States v. Archdale*, 229 F.3d 861, 867 (9th Cir. 2000). Moreover, the record supports the court's conclusion that the threat alleged by Gonzalez was insufficient to support his duress defense. *See* 9th Cir. Crim. Jury Instr. 6.5 (2010) (to establish duress, defendant must prove that threat was "present, immediate, or impending"); *United States v. Chi Tong Kuok*, 671 F.3d 931, 948 (9th Cir. 2012) (a threat is "immediate" only if it is specific; "vague and undetailed threats will not suffice").

**AFFIRMED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.